**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RONALD WHITIKER, | DOCKET NUMBER |
| Appellant, | DE-0752-12-0164-X-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: October 22, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Joshua L. Klinger, Esquire, Denver, Colorado, for the appellant.

Michael L. Gurnee, Esquire, Denver, Colorado, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant filed a petition for enforcement of the Board's final order in MSPB Docket No. DE-0752-12-0164-I-1, which affirmed the administrative

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's reversal of the appellant's removal from the position of Food Service Worker, WG-7408-4. MSPB Docket No. DE-0752-12-0164-C-1, Compliance File (CF), Tab 1; *see* MSPB Docket No. DE-0752-12-0164-I-1, Final Order (June 18, 2013). The appellant alleged in the petition for enforcement that the agency failed to comply with the Board's final decision in this appeal. CF, Tab 1. In a January 6, 2014 compliance recommendation, the administrative judge found that the agency was not in compliance with the initial decision and recommended that the Board take the necessary steps to ensure compliance. MSPB Docket No. DE-0752-12-0164-C-1, Recommendation (Jan. 6, 2014). For the reasons set forth below, we DISMISS the petition for enforcement as settled.

¶2     Following referral of the compliance recommendation to the full Board for disposition, the parties submitted a document entitled "Settlement Agreement" signed by the parties on September 26, 2014. MSPB Docket No. DE-0752-12-0164-X-1, Compliance Referral File (CRF), Tab 6. The document provides, among other things, for the dismissal of the underlying petition for enforcement. *Id*. at 1.

¶3     Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties, in fact, have entered into a settlement agreement, that they understand the terms, and that they want the Board to enforce those terms. CRF, Tab 6 at 4.

In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether the subject matter of this appeal is within the Board's jurisdiction, that is, whether a law, rule, or regulation grants the Board the authority to decide such a matter. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find here that

the agreement is lawful on its face, that the parties freely entered into it, and that the subject matter of this appeal—the removal of a full time non probationary federal employee—is within the Board's jurisdiction under 5 U.S.C. §§ 7511(a)(1), 7512(1), and 7513(d). Accordingly, we find that dismissal of the petition for enforcement "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances, and we accept the settlement agreement into the record for enforcement purposes.

¶4 This is the final order of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulation, section 1201.113 (5 C.F.R. § 1201.113)

## NOTICE TO THE PARTIES OF THEIR ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal. The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties. 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You

must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC  20439

The court must receive your request for review no later than 60 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the court no later than 60 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.